December.

**Ford, Terretenant of Preston, vs. Gwinn's Adm'r.**

J G obtained a judgment against B P, on which a *scire facias* was issued against his terre-tenant, who pleaded—1 That B P was not seized of the land of which he was returned tenant. 2, That before the *scire facias* was issued a *ca sa* had issued against B ,who was taken in execution, and committed to R A the sheriff; that B P escaped, and suits were brought by J G on R A's bond as sheriff, for the escape, and judgments obtained against R A, and his sureties. A demurrer to the last plea was ruled good.

APPEAL from *Harford* County Court. This was a writ of *scire facias* sued out on a judgment rendered in that court in August 1797, in favour of the appellee's intestate against *Preston*. The defendant, (now appellant,) pleaded two pleas—1. That *Preston* was not seized of the lands of which he the defendant was returned tenant, &c. 2. That the plaintiff ought not to have execution of the lands, &c. because before suing out the *scire facias* a *ca. sa.* issued against *Preston*, who was arrested and brought into court, and committed to the custody of *Robert Amos*, junior, the then sheriff. That *Preston* escaped from the custody of the said sheriff. That the said *Gwinn* brought suits on the said *Amos's* bond as sheriff, for the said escape. That in March 1800, a judgment

To show that B P was in 1797, at the time when a judgment was rendered against him, seized of the land of which J F was, on a *scire facias* issued on the judgment, returned tenant, evidence was given of a devise of the land to B P in 1766, by his father J P, who had been in possession a considerable time before his death; a conveyance by B P to J L in May 1793; a conveyance by J L to J H in June 1799; and a conveyance from J H to J F, the terretenant, in 1801—*Held*, that such evidence was not sufficient to prove a seisin in B P in the land in question, at the time the judgment was obtained against him.

was rendered on the said bond against *Amos*, and his securities, for damages and costs sustained by reason of the said escape, &c. Issue was joined to the first plea, and a general demurrer, and joinder in demurrer, to the second. The county court gave judgment on the demurrer for the plaintiff.

In the trial of the issue in fact, the plaintiff read in evidence the will of *James Preston*, dated the 17th of September 1766, devising to his son, *James Preston's* son *Benjamin*, a tract of land called *Plumb Point*, and part of *Hog Neck*, and *Robinson's Chance*, &c. to him, his heirs and assigns, for ever. Also a deed from *Benjamin Preston* to *Josiah Lee*, dated the 17th of May 1799, for the lands called part of *Hog Neck*, part of *Plumb Point*, and part of *Mate's Addition*. Also a deed from *Josiah Lee* to *James Lytle*, dated the 19th June 1799, for the said lands. Also a deed from *James Lytle* to *Joseph Ford*, dated the 18th August 1801, for the said lands. And also gave evidence, that the lands by the will aforesaid devised to *Benjamin Preston*, were by him sold to said *Lee*, and that the same lands were purchased by the said *Ford* from the said *Lytle*. That the said lands were in possession of *James Preston*, the devisor, a considerable time before his death, and are the same of which the defendant was returned terretenant; and that *Benjamin Preston*, the devisee, was the person against whom the original judgment was obtained. The defendant then objected to this proof as insufficient in law to support the issue on the part of the plaintiff, and prayed the court so to direct the jury. But the Court, [*Nicholson*, Ch. J.] was of opinion, and so directed the jury, that the proof was evidence of the scisin of *Benjamin Preston*, unless the defendant showed that he held the lands in question under some other title; that after the plaintiff had shown that the defendant derived his title from *Preston*, the court would not compel the plaintiff to show *Preston's* title, which the defendant was estopped from questioning, unless he the defendant could show that he held by some other title. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, EARLE, and JOHNSON, J.

1814.

Ford
vs.
Gwinn

*Hall*, for the Appellant, referred to *Saunders; terrt: of Duley vs. Webster*, (ante 432.)

*Montgomery*, (Attorney General,) for the Appellee, insisted that *Saunders vs. Webster* was distinguishable from the present case. That the judgment of the court below ought to be affirmed, although this court should differ from the court below in the reasons on which the judgment was formed; and although the court below determined that the plaintiff ought to recover, because the defendant was estopped from controverting the title of the person against whom the judgment was rendered, inasmuch as he appeared to claim under him; yet if there existed sufficient evidence to presume a grant, then there was no need to resort to the doctrine of *estoppel*, inasmuch as the seisin would then be proved. There was presented to the court a case of possession for more than 44 years apparent title, derived through a will and several deeds, a contest arising between the persons, all claiming under the same title, in which it is now contended that one of them, in a contest about the land, must produce the grant for the land to the person under whom all the parties claim. It would seem that the grant ought to be presumed, and this court gave such a decision in *Bradford's Lessee vs. M'Comas*, (ante 444,) which cannot be distinguished from the present case, where the parties claim under *J. Preston*, and the seisin in him ought to be presumed; but as that cannot exist without the grant, it should be presumed the time is longer, the conveyances more numerous, and the relative situation of the parties the same.

THE COURT affirmed the judgment of the County Court on the demurrer *(a)*, but dissented from the opinion of that Court as expressed in the bill of exceptions.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

*(a)* See *Freeman vs. Ruston*, 4 Dall. Rep. 214.